**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sergio FUENTES–RIVERA,**
**Defendant–Appellant.**

**No. 02–14222**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 4, 2003.

Regina Cannon Stephenson, Stephanie Kearns, Federal Public Defender, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Lynn M. Adam, Amy Levin Weil, Todd C. Alley, Atlanta, GA, for Plaintiff–Appellee.

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Sergio Fuentes–Rivera ("Fuentes") pled guilty to re-entry into the United States after a conviction in California for an aggravated felony, burglary in the first degree,[1] in violation of 8 U.S.C. § 1326(b).[2] Based on this California conviction, the probation officer assessed Fuentes a sixteen-level enhancement of his base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), finding that his deportation occurred after the felony conviction for a "crime of violence." Fuentes objected to the enhancement. The district court overruled his objection and used the enhancement in fashioning Fuentes's sentence of seventy-six months' imprisonment.

Fuentes now appeals, contending that a "crime of violence," under the Application Note to U.S.S.G. § 2L1.2(b)(1), is an offense that: (1) has the use, attempted use, or threatened use of physical force, as an element; and (2) is murder, manslaughter, kidnaping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or burglary of a dwelling. He submits that, because burglary under California law does not include the use, attempted use, or threatened use of physical force as an ele-

---

1. Section 459 of the California Penal Code states that "[e]very person who enters ... any building ... with intent to commit grand or petit larceny or any felony is guilty of burglary." CAL.PENAL CODE § 459 (West 2003). Section 460 further states that the burglary of an inhabited dwelling house, trailer, vessel or floating home designed for habitation, or the inhabited portion of any other building, is burglary of the first-degree. CAL.PENAL CODE § 460(a).

Fuentes was convicted of burglary in the first degree because he entered an inhabited dwelling and committed theft.

2. Following his conviction in California, Fuentes was deported to Mexico. He reentered the United States illegally on November 6, 1999.

ment of the offense, his 1995 conviction for first-degree burglary does not qualify as a crime of violence.

The career-offender provisions of U.S.S.G. § 4B1.2 define a "crime of violence" as an offense that contains the use, attempted use, or threatened use of physical force as an element, or is burglary of a dwelling, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another person. Fuentes argues that the Sentencing Commission's use of the disjunctive "or" in Section 4B1.2, and the conjunctive "and" in Section 2L1.2, demonstrates that the Sentencing Commission intended the definition of a "crime of violence" to be more restricted in Section 2L1.2. He claims that, because the district court determined that his 1995 conviction for burglary was a "crime of violence" against the plain reading of Section 2L1.2, and because without its accompanying sixteen-level enhancement his guidelines range would have been reduced from 70–87 months' to 30–37 months' imprisonment, the district court committed reversible error.

■ We review a district court's factual findings for clear error and its application of the sentencing guidelines to those facts *de novo*. *United States v. Smith*, 231 F.3d 800, 806 (11th Cir.2000), *cert. denied*, 532 U.S. 1019, 121 S.Ct. 1956, 149 L.Ed.2d 752 (2001).

As noted, Fuentes pled guilty to illegally re-entering the United States after having been previously deported, in violation of 8 U.S.C. § 1326(b). If prior to deportation, Fuentes was convicted of a felony that was a "crime of violence," the guidelines provide for a 16-level enhancement in his offense level. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Application Notes to Section 2L1.2(b)(1) define a "crime of violence" as "an offense under

federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii)(I). The Application Notes also provide that the following offenses are "crimes of violence" under Section 2L1.2(b)(1): "murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." *Id.*

In the case at hand, the district court found that Fuentes's California conviction for first-degree burglary was a "crime of violence," despite the offense's lack of an element regarding the use, attempted use, or threatened use of physical force, because it was one of the offenses enumerated in Application Note 1(B)(ii)(II). We have not decided the issue of whether an offense must include the physical-force element *and* be listed in the Application Notes to qualify as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

The decisions of our sister circuits, however, have addressed the issue and rejected the argument Fuentes advances here. The Eight Circuit has held that "a prior felony conviction for any of the crimes enumerated in subpart (II) of application note 1(B)(ii) is a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii)." *United States v. Gomez–Hernandez*, 300 F.3d 974, 979 (8th Cir.2002) (rejecting argument that the offense of "sexual abuse of a minor" was not a crime of violence because it did not contain the physical-force element), *cert. denied*, —— U.S. ——, 123 S.Ct. 931, 154 L.Ed.2d 831 (2003). In its reasoning, the Eight Circuit noted that the Sentencing Commission included "burglary of a dwelling" in Application Note 1(B)(ii)(II)'s list of offenses, despite the fact that "burglary, or at least 'generic' burglary, has

never had as an element 'the use, attempted use, or threatened use of physical force against another.' " *Id.* Accordingly, the Eighth Circuit rejected the interpretation that Application Note 1(B)(ii) required an offense to have the physical-force element and be listed, because it would render Application Note 1(B)(ii)(II) surplusage. *Id.* Under similar reasoning, the Fifth Circuit reached the same conclusion. *See United States v. Rayo–Valdez,* 302 F.3d 314, 318–320 (5th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 694, 154 L.Ed.2d 645 (2002) (holding that all the offenses listed in Application Note 1(B)(ii)(II) were crimes of violence, regardless of their elements under various state laws).

 The analysis in *Gomez–Hernandez* and *Rayo–Valdez* reflects the principle that, when interpreting a statute, it is necessary to give meaning to all its words "so that no words shall be discarded as being meaningless, redundant, or mere surplusage." *United States v. Canals–Jimenez,* 943 F.2d 1284, 1287 (11th Cir.1991). The rules of statutory construction and interpretation also apply to the guidelines. *Cf. United States v. Lazo–Ortiz,* 136 F.3d 1282, 1284–86 (11th Cir.1998). If we were to adopt Fuentes's proposition that burglary of a dwelling is not a "crime of violence" because it does not have as an element of the offense the use, attempted use, or threatened use of physical force on the person of another, Application Note 1(B)(ii)(II)'s enumeration of burglary of dwelling, as well as kidnaping and arson, would be rendered superfluous. The Supreme Court rejected a similar proposal as it pertained to the issue of whether "burglary" was a "violent felony" under 18 U.S.C. § 924(e), because "burglary, arson, extortion . . . so often presented a risk of injury to persons . . . that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person." *Taylor v. United States,* 495 U.S. 575, 597, 110 S.Ct. 2143, 2157, 109 L.Ed.2d 607 (1990). Therefore, because the Sentencing Commission enumerated burglary of a dwelling in Application Note 1(B)(ii)(II), despite its lack of an element regarding physical force, and because an alternative reading would render the subpart (II) mere surplusage, the district court did not err in determining that burglary of a dwelling was a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See Canals–Jimenez,* 943 F.2d at 1287.

AFFIRMED.