In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-4101

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ARIEL VARGAS-GARNICA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 02-CR-50035—**Philip G. Reinhard**, *Judge.*

ARGUED APRIL 14, 2003—DECIDED JUNE 10, 2003

Before CUDAHY, POSNER, and EASTERBROOK, *Circuit Judges.*

CUDAHY, *Circuit Judge.* Vargas-Garnica appeals the enhancement of his sentence for illegal reentry by a deported alien based on an earlier statutory rape conviction. Because the district court found that statutory rape is a "crime of violence" under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) ("U.S.S.G."), it enhanced Vargas-Garnica's sentence by 16 levels. Vargas-Garnica argues that the earlier conviction should be classified as an "aggravated felony," and result in only an 8-level sentence increase. The district court's analysis of § 2L1.2 was correct and we affirm.

## I.

In February 2000, Ariel Vargas-Garnica pleaded guilty to a charge of Unlawful Sexual Intercourse with a Minor Who is More Than Three Years Younger (which we will refer to by its traditional, generic name of "statutory rape"), under California Penal Code § 261.5(c), and was sentenced to a 270-day term of imprisonment. Vargas-Garnica was nineteen years old at the time; the victim, fourteen years old. Because Vargas-Garnica was an illegal alien, at the conclusion of his term of imprisonment he was deported to Mexico. Vargas-Garnica then illegally reentered the United States. In May 2002, Vargas-Garnica was arrested. He was charged with, and pleaded guilty to, illegally reentering the United States after deportation, subsequent to commission of an aggravated felony. 8 U.S.C. § 1326(a) and (b). In his plea agreement, Vargas-Garnica retained the right to dispute the degree of the increase in his sentence attributable to his statutory rape conviction. The government maintained that Vargas-Garnica's statutory rape conviction qualified as a "crime of violence" under Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), and should result in a 16-point enhancement of Vargas-Garnica's sentence. Vargas-Garnica, on the other hand, argued that his statutory rape conviction was merely an "aggravated felony," and warranted only an 8-point sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(C). The presentence investigation report's findings agreed with the government's position, and recommended a 16-point enhancement for the statutory rape conviction. The district court agreed, and sentenced Vargas-Garnica to 46 months. This appeal followed.

## II.

The district court's interpretation of § 2L1.2 is a legal conclusion that we review de novo. *United States v. Alvarenga-Silva*, 324 F.3d 884, 886 (7th Cir. 2003).

## A.

Vargas-Garnica's principal argument is that a "crime of violence" requires that there have been an element of force specifically present in the conduct giving rise to the earlier conviction. This argument appears to be based on Application Note 1(B)(ii) to U.S.S.G. § 2L1.2, which reads

"Crime of violence"—

(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, cmt. n.1(B)(ii). The conjunctive "and," between subparagraphs (I) and (II), says Vargas-Garnica, requires that the conviction satisfy both subparagraphs. Hence, Vargas-Garnica argues, all crimes of violence must have an element of physical force and also be one of the enumerated offenses in subparagraph (II).[1] But,

---

[1] Vargas-Garnica does not effectively argue that his statutory rape conviction is not one of the enumerated offenses listed in subparagraph (II). (We do not consider his single conclusory statement that statutory rape "is not a forcible sex offense" to comprise an argument. Appellant's Br. at 9.) Inasmuch as arguments not raised in a party's opening brief are waived, we will not consider this issue. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). However, even were the argument raised, we do not believe it has merit. Subparagraph (II) lists "sexual abuse of a
(continued...)

as we have noted elsewhere, the "and" in § 2L1.2 is followed by "includes," which is an illustrative construction, not a limiting construction. *See Alvarenga-Silva*, 324 F.3d at 887; *United States v. Vasquez-Abarca*, No. 02-1727, 61 Fed. Appx. 243, 245 (7th Cir. Feb. 14, 2003). It is sufficient if the prior conviction *either* satisfies the general criterion involving the use of force as described in subparagraph (I), or is one of the specifically enumerated offenses in subparagraph (II). In this respect, our interpretation of § 2L1.2 is in accord with that of the Fifth, Eighth and Eleventh Circuits. *See United States v. Fuentes-Rivera*, 323 F.3d 869, 872 (11th Cir. 2003); *United States v. Vargas-Duran*, 319 F.3d 194, 195 (5th Cir. 2003); *United States v. Gomez-Hernandez*, 300 F.3d 974, 979 (8th Cir. 2002).

Vargas-Garnica also points us towards commentary to the 2001 amendment to U.S.S.G. § 2L1.2 that resulted in, essentially, the guideline as it exists today. *See* U.S.S.G. app. C, amend. 632. This amendment replaced a general 16-level enhancement for an "aggravated felony" with the more graduated structure for enhancement currently present in § 2L1.2. Because this amendment was motivated by a desire to reserve the 16-level enhancement for the most serious felonies, Vargas-Garnica argues that a 16-level enhancement for what he terms a consensual act violates the "clear intention" of the amendment to § 2L1.2. Appellant's Br. at 10. Unfortunately, the plain language of § 2L1.2 dooms Vargas-Garnica's argument. The amendment of § 2L1.2 to expressly include "sexual abuse of a minor" as a "crime of violence" warranting a 16-level

---

[1] (...continued)
minor" as an enumerated offense, and Unlawful Sexual Intercourse with a Minor Who is More Than Three Years Younger, even without an element of force, constitutes sexual abuse of a minor.

enhancement demonstrates that, whatever else motivated the amendment, there was no intention to exclude a conviction such as Vargas-Garnica's from precisely such a 16-level enhancement.

Vargas-Garnica's conviction for statutory rape involves sexual abuse of a minor, which is one of the enumerated offenses listed in application note 1(B)(ii)(II) to § 2L1.2. Therefore, under § 2L1.2(b)(1)(A)(ii), Vargas-Garnica was previously deported after a conviction for a felony that is a crime of violence, and his sentence in the present case was appropriately increased by 16 levels.

## B.

Vargas-Garnica also raises an objection to certain factual findings contained in his presentence report. The presentence report's description of the conduct underlying his statutory rape conviction was taken from a police report, which Vargas-Garnica alleges was one of many police reports, some of which contained facts in conflict with those chosen for his presentence report. Further, Vargas-Garnica generally disputes the facts contained in the presentence report. While the district court denied Vargas-Garnica's objection to the inclusion of these facts in the presentence report, the court did state that it would not consider the disputed facts in its sentencing determination. And this procedure was correct. The character of a prior conviction used to enhance a defendant's sentence is generally based on the acts charged in the indictment, not upon a deeper evidentiary inquiry into the specific conduct of the offense. *United States v. Shannon*, 110 F.3d 382, 384 (7th Cir. 1997). In the present case, there was no need for any facts beyond the allegations of the indictment of which Vargas-Garnica was convicted, and the district court made clear that the disputed facts played no role in its determination of the proper sentenc-

ing enhancement for Vargas-Garnica. Vargas-Garnica has presented no evidence that any disputed conduct described in the presentence report entered into the calculation of his sentence (and, of course, we express no opinion about the truth of these disputed contents of the presentence report). In this respect, Vargas-Garnica's rights at sentencing were adequately protected. *See* Fed. R. Crim. Pro. 32(i)(3)(B).

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*