**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rafael LUNA–URBINA, Defendant–
Appellant.**

No. 03–3591.

United States Court of Appeals,
Seventh Circuit.

Submitted June 17, 2004.

Decided June 17, 2004.

Patrick Pope, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Rafael Luna–Urbina, Butner, NC, pro se.

Before DIANE P. WOOD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Mexican citizen Rafael Luna–Urbina pleaded guilty without a plea agreement to being present in the United States unlawfully after having been removed following conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b)(1), (b)(2). The district court sentenced him to 77 months' imprisonment, 3 years' supervised release, and a special assessment of $100. Luna–Urbina filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Luna–Urbina was notified of his counsel's motion pursuant to Circuit Rule 51(b), but he has not responded. Counsel's brief is facially adequate, so we review only the potential issues he has highlighted. *United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003).

Counsel first questions whether Luna–Urbina's guilty plea colloquy under

Federal Rule of Criminal Procedure 11 might be the source of a potential appellate issue. However, counsel rightly concludes that because Luna–Urbina has no interest in having his guilty plea set aside, it would not be appropriate to explore any potential variations from the requirements of Rule 11. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). In fact, Luna–Urbina's unconditional guilty plea waives any non-jurisdictional defects that may have occurred prior to the plea. *See United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir.2001). Accordingly, although counsel considers whether pretrial proceedings violated Luna–Urbina's rights under the Vienna Convention and the Confrontation Clause of the Sixth Amendment, these arguments have been waived and would not serve as a non-frivolous basis for an appeal.

■ Luna–Urbina's plea does not preclude challenges to his sentence, however, and counsel considers several potential arguments. He first contemplates arguing that the district court erred when it determined that Luna–Urbina's Illinois conviction for aggravated battery constituted a "crime of violence" that triggered a 16-level increase in his offense level. Aggravated battery, he notes, is not one of the specific crimes listed as a "crime of violence" in U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii)(II). But the application note lists specific offenses only as examples; it explains that the term "crime of violence" includes any "offense ... that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii)(I); *see United States v. Vargas–Garnica,* 332 F.3d 471, 473–74 (7th Cir. 2003). Although aggravated battery as defined in Illinois can be committed in a number of ways, each involves physical force or at least a strong threat of its use. 720 ILCS § 5/12–4. In fact, the statute is similar to the Illinois domestic battery statute that we have previously held defines a "crime of violence" under § 2L1.2. *See United States v. Alvarenga–Silva,* 324 F.3d 884, 886 (7th Cir.2003). Counsel further points out that, in making its § 2L1.2 determination, the district court appears to have examined the facts underlying Luna–Urbina's aggravated battery conviction rather than limiting its inquiry to the charging document and the statutory definition of the offense as we require. *See United States v. Shannon,* 110 F.3d 382, 384 (7th Cir.1997). However, because aggravated battery is categorically a crime of violence, the district court's inquiry made no difference. Accordingly, any challenge to the crime-of-violence determination would be frivolous.

Counsel next considers arguing that the district court erred when it did not consider Luna–Urbina's objection to the inclusion in his criminal history of a 1998 Illinois battery conviction, which he claimed was not properly documented. However, because Luna–Urbina would have remained in the same criminal history category with or without this conviction, any error would be harmless. *See United States v. Milquette,* 214 F.3d 859, 863 n. 2 (7th Cir.2000).

Also with respect to sentencing, counsel questions whether Luna–Urbina could challenge the district court's refusal to give him credit against his federal sentence for the time he served on a state drug conviction before he was charged in this case. However, the district court was correct that the Attorney General rather than the sentencing court is responsible for computing presentence credit. 18 U.S.C. § 3585; *United States v. McGee,* 60 F.3d 1266, 1272 (7th Cir.1995). Finally, counsel questions whether Luna–Urbina might argue that the district court erred in refusing to depart downward because, he claimed, his incarceration would be "harsh-

er" because of his alien status and his criminal history overstates the seriousness of his prior offenses. We have held, though, that the Sentencing Commission fully took into account the consequences of incarceration for aliens when drafting the guideline for Luna–Urbina's offense, so departing downward on this basis would have been in error. *United States v. Gonzalez–Portillo*, 121 F.3d 1122, 1124–35 (7th Cir. 1997). The district court did have discretion to depart had it determined that Luna–Urbina's criminal history score is overstated, but because the court understood this discretion and simply decided that the facts did not warrant a departure, we would lack jurisdiction to review the issue. *United States v. Moore*, 363 F.3d 631, 644 (7th Cir.2004).

Counsel's motion to withdraw is GRANTED, Luna–Urbina's motion for appointment of substitute counsel is DENIED, and the appeal Is DISMISSED.