**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin Fernando GONZALEZ–ARAIS,
Defendant–Appellant.**

No. 03–1230.

United States Court of Appeals,
Sixth Circuit.

Aug. 17, 2004.

Michael Hluchaniuk, Asst. U.S. Attorney, U.S. Attorney's Office, Bay City, MI, for Plaintiff–Appellee.

F. Clinton Broden, Broden & Mickelson, Dallas, TX, for Defendant–Appellant.

Before BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, District Judge.*

### ORDER

Martin Fernando Gonzalez–Arais, a federal prisoner, appeals the sentence imposed upon his conviction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

In 2002, Gonzalez–Arais entered a conditional guilty plea to re-entering the United States after deportation as an aggravated felon. The Presentence Investigation Report applied the 2001 version of the Sentencing Guidelines and recommended that a sixteen-level enhancement be added to a base offense level of eight because Gonzalez–Arais's prior felony conviction for third-degree child abuse in Michigan constituted a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii). Gonzalez–Arais objected to the enhancement, arguing, inter alia, that child abuse was not a crime of violence listed in the commentary to the guideline. *See* USSG § 2L1.2, comment. (n.1(B)(ii)(II)) (2001). The district court denied the objection, concluding that the enhancement also applied to non-enumerated offenses. Gonzalez–Arais was sentenced to 63 months in prison and 2 years of supervised release.

On appeal, Gonzalez–Arais argues that: 1) the district court erred by enhancing his sentence under § 2L1.2(b)(1)(A)(ii); and 2) the government failed to prove that he had been convicted of an aggravated felony.

In support of his first argument, Gonzalez–Arais contends that, under the conjunctive language of the guideline commentary, a prior felony does not qualify as a crime of violence unless it both has as an element the use or attempted use of physical force and is an enumerated offense. *See* USSG § 2L1.2, comment. (n.1(B)(ii)(II) and (II)) (2001). The defendant's argument is premised on a 2001 amendment to the Sentencing Guidelines, Amendment 632.

This court reviews de novo a district court's decision interpreting a sentencing guideline. *United States v. Smith,* 196 F.3d 676, 679 (6th Cir.1999).

The district court properly imposed the enhancement. In 2001, the guidelines commentary defined a crime of violence as:

(I) ... an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

USSG § 2L1.2, comment. (n.1(B)(ii)(I) and (II)) (2001). All courts which have considered the issue have concluded that the guideline applies if a defendant's prior conviction qualifies under either subpart. *See United States v. Calderon–Pena,* 339 F.3d 320, 326–27 (5th Cir.2003); *United States v. Pereira–Salmeron,* 337 F.3d 1148, 1151– 52 (9th Cir.2003); *United States v. Vargas–Garnica,* 332 F.3d 471, 473–74 (7th Cir.2003); *United States v. Fuentes–Rivera,* 323 F.3d 869, 871–72 (11th Cir.), *cert. denied,* 540 U.S. 856, 124 S.Ct. 149, 157 L.Ed.2d 102 (2003); *United States v. Gomez–Hernandez,* 300 F.3d 974, 978–79 (8th Cir.2002), *cert. denied,* 537 U.S. 1138, 123 S.Ct. 931, 154 L.Ed.2d 831 (2003). Furthermore, we note that the commentary was subsequently amended in 2003 to remove the conjunctive language. *See* USSG App. C, Amendment 658.

Gonzalez–Arais next argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the government was required to prove the fact of his prior aggravated felony.

The argument lacks merit. Under *Apprendi,* "the fact of a prior conviction" is an exception to the rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Although the Court commented that the exception was based on *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which may have been incorrectly decided, the Court did not overrule *Almendarez–Torres. Apprendi,* 530 U.S. at 487 and 489– 90. This court likewise has declined to overrule *Almendarez–Torres. United States v. Matthews,* 278 F.3d 560, 563 (6th Cir.2002).

Accordingly, the district court's judgment is affirmed.