United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40512
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL ACOSTA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-1019
---------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Angel Acosta appeals his guilty-plea conviction and sentence for being unlawfully present in the United States following removal. The district court enhanced Acosta's sentence based upon its finding that his prior California conviction for unlawful sexual intercourse with a minor was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Acosta argues that the enhancement was improper because the statute under which he was convicted sets the legal age for consent to sexual activity at 18 years of age while the Model Penal Code and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the majority of the states set the legal age of consent for sexual activity at 16 years of age of younger.

Acosta's prior conviction was under CAL. PENAL CODE ANN. § 261.5(c).  Under a common sense approach, Acosta's conviction was for the enumerated offenses of statutory rape and sexual abuse of a minor and, accordingly, a crime of violence under § 2L1.2(b)(1)(A)(ii).  See § 2L1.2, comment. (n.1(b)(iii)); United States v. Izaquirre-Flores, 405 F.3d 270, 275 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); see also United States v. Hernandez-Castillo, 449 F.3d 1127, 1131 (10th Cir. 2006); United States v. Vargas-Garnica, 332 F.3d 471, 474 & n.1 (7th Cir. 2003).

Acosta's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Acosta contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Acosta properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.