United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2007**

Charles R. Fulbruge III
Clerk

REVISED APRIL 10, 2007
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40939
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER DIAZ-VELA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-28-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Diaz-Vela appeals his guilty-plea conviction and sentence for being unlawfully present in the United States following removal. The district court enhanced Diaz-Vela's sentence based upon its finding that his prior California conviction for unlawful sexual intercourse with a minor was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). Diaz-Vela argues that the enhancement was improper because the statute under which he was convicted sets the legal age for consent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to sexual activity at 18 years of age while the Model Penal Code and the majority of the states set the legal age of consent for sexual activity at 16 years of age of younger.

Diaz-Vela's prior conviction was under CAL. PENAL CODE ANN. § 261.5. Under a common sense approach, Diaz-Vela's conviction was for the enumerated offenses of statutory rape and sexual abuse of a minor and, accordingly, a crime of violence under § 2L1.2(b)(1)(A)(ii). See § 2L1.2, comment. (n.1(b)(iii)); United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); see also United States v. Hernandez-Castillo, 449 F.3d 1127, 1131 (10th Cir. 2006), cert. denied, 127 S. Ct. 936 (2007); United States v. Vargas-Garnica, 332 F.3d 471, 474 & n.1 (7th Cir. 2003).

Diaz-Vela also argues that the felony and aggravated felony provisions contained in 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This constitutional argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Diaz-Vela contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Diaz-Vela properly concedes that his

argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.