[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10313
Non-Argument Calendar
_____

D.C. Docket No. 2:02-cr-14034-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST RAY SIMMONS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 17, 2020)

Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Ernest Simmons appeals his 60-month sentence imposed upon revocation of his supervised release.  He argues his sentence—which is more than twice the high end of the guideline range, and the maximum sentence allowed by statute—is both procedurally and substantively unreasonable.  Simmons further argues his defense counsel's failure to object to the reasonableness of his sentence constituted ineffective assistance because it prejudiced his ability to succeed in the instant appeal by limiting our review of those issues.  After review, we affirm.

## I.    Procedural Reasonableness[1]

Simmons first argues his sentence is procedurally unreasonable because the district court did not explicitly state it had considered all the 18 U.S.C. § 3553(a) factors or its reason for imposing an upward variance.  Simmons further argues the upward variance was based on a clearly erroneous interpretation of the facts to the extent it was based on his inconsistent statements regarding the ownership of the gun found in his home that triggered his revocation proceedings.  Specifically, he contends the court unduly punished him for lying without legal justification

---

[1] While we normally review the sentence imposed upon the revocation of supervised release for reasonableness, where a defendant fails to object to the procedural reasonableness of his sentence, we generally review only for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  However, Simmons argues we should review the procedural reasonableness of his sentence as if the issue had been preserved, rather than for plain error, as requiring a post-sentence objection is *pro forma*.  We need not resolve this issue here, as we conclude Simmons's sentence was procedurally reasonable even under the less-deferential standard of review.  We review the district court's factual findings for clear error. *United States v. Fuentes-Rivera*, 323 F.3d 869, 871 (11th Cir. 2003).

because there is no contradiction between the statement he gave when the firearm was discovered in his home—"you got me"—and his statement at the revocation hearing that the firearm did not belong to him, as it is possible that he knew the firearm was there without knowing to whom it belonged.

A sentence can be procedurally unreasonable if the district court (1) fails to calculate or improperly calculates the guideline range, (2) treats the Sentencing Guidelines as mandatory, (3) fails to consider the § 3553(a) factors, (4) selects a sentence based on clearly erroneous facts, or (5) fails to adequately explain the chosen sentence, including any deviation from the guideline range. *United States v. Dougherty*, 754 F.3d 1353, 1358–59 (11th Cir. 2014).

First, the district court's failure to expressly state that it had considered the relevant § 3553(a) factors did not render Simmons's sentence procedurally unreasonable because it is clear from the record that the court nevertheless considered those factors. *See Dougherty*, 754 F.3d at 1359 ("Nothing requires the district court to discuss each of the § 3553(a) factors, and an acknowledgment that it has considered each will suffice."); *see also United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming the procedural reasonableness of a defendant's sentence, where the district court failed entirely to state that it had considered the § 3553(a) factors, because it was clear from the record that the court had done so).

The court heard lengthy testimony from Simmons's probation officer regarding the nature and circumstances of Simmons's offense, and he testified about his personal circumstances following his release from prison, including his employment, successful completion of a halfway-house program, efforts to avoid getting into legal trouble, and support of his minor daughter.  Further, the court noted Simmons's criminal history category and his prior gun violation, which shows it considered his criminal history, and the court cited the nature of the violation as a factor in its sentencing decision.

Second, the district court adequately explained its reasons for varying upward from the guideline range.  The court cited to Simmons's seemingly inconsistent statements, his criminal history, his past firearm-possession conviction, and the nature of the violation as justifying an upward variance.  *See United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) ("If the district court determines that a sentence outside the guideline range is appropriate, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." (quotation marks omitted)). Even if the court could have explained its reasons for varying upward more thoroughly, it expressly provided its basis for varying upward.

As to the district court's finding that Simmons provided inconsistent statements concerning the ownership of the gun found in his home, we cannot say

4

this finding was clearly erroneous.  Where, as here, there are two or more permissible ways of viewing the evidence, the district court's choice between them cannot be clear error.  *United States v. Ndiaye*, 434 F.3d 1270, 1305 (11th Cir. 2006).  According to the testimony of Simmons's probation officer as well as the violation report, Simmons stated, "You got me" when the firearm was found, indicating he had the firearm for protection.  He did not contest that he made these statements, but he nevertheless testified the firearm was not his.  Based on the circumstances surrounding the discovery of the firearm—which was found in Simmons's bed at the home where he lived alone—and given his statement to the probation officers upon discovery of the firearm and admission that he had the firearm for protection, the court's finding that Simmons had provided, at a minimum, an inconsistent statement was a reasonable interpretation of the evidence that did not constitute clear error.

Accordingly, Simmons has not shown that the district court procedurally erred in sentencing him.

## II.    Substantive Reasonableness[2]

Simmons next argues the district court imposed a substantively unreasonable 60-month sentence where the top end of the guideline range was only 27 months' imprisonment.  In particular, he argues there were no aggravating factors warranting an upward variance, the district court did not consider his personal history as a mitigating factor, and the court did not provide an explanation sufficient to justify the degree of the variance.  He further argues that the guideline range already accounted for his criminal history, and the sentence he received is greater than necessary to achieve the purposes of sentencing.

A district court can abuse its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (quotation marks omitted).  A district court commits a "clear error of judgment" when it unreasonably considers the proper factors.  *Id.*

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the

---

[2] We review the substantive reasonableness of a sentence for an abuse of discretion. *Dougherty*, 754 F.3d at 1361.  As with his procedural claims, Simmons failed to object to the substantive reasonableness of his sentence after it was entered.  However, because we have not addressed, in a published opinion, whether plain-error review applies in such cases, we review the substantive reasonableness of Simmons's sentence for an abuse of discretion.

6

substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We will only vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (*en banc*) (quotation marks omitted).

The district court did not abuse its discretion here. As noted above, the court heard testimony from Simmons's probation officer regarding the violation and heard Simmons's testimony regarding his personal history and circumstances—which included the killing of another person. The court also noted Simmons had a significant criminal history that included a prior firearm-possession offense, which, when coupled his inconsistent statements regarding the ownership of the firearm found in his home, warranted an upward variance in the court's estimation. To the extent Simmons argues the district court placed too much weight on his criminal history, we generally will not second guess the weight the district court afforded any particular § 3553(a) factor so long as the sentence is reasonable in light of the all the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The fact the guideline range already accounted for Simmons's criminal history does not alter our analysis. *See Dougherty*, 754 F.3d at 1362 ("The district

7

court may consider facts that were taken into account when formulating the guideline range for the sake of a variance.").

Simmons also argues the district court failed to consider various mitigating factors, including that he "was doing well with two jobs and living a normal life." But, as we have discussed, the district court heard ample testimony on these matters, and the fact that the court did not expressly respond to his mitigating testimony or arguments in favor of a sentence at the low end of the guideline range does not indicate that the court erroneously ignored or failed to consider them. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

In light of the substantial deference afforded to sentencing courts and the totality of the circumstances, Simmons has failed to show that the district court abused its discretion in imposing an above-guideline sentence of 60 months' imprisonment.

### III.  Ineffective Assistance[3]

Finally, Simmons argues he received ineffective assistance when his counsel at sentencing failed to object to the procedural and substantive reasonableness of his sentence or otherwise preserve for appellate review all of the issues raised here. In most instances, a 28 U.S.C. § 2255 motion to vacate is preferable to direct

---

[3] We review *de novo* an ineffective-assistance claim, which presents mixed questions of law and fact.  *Caderno v. United States*, 256 F.3d 1213, 1216–17 (11th Cir. 2001).

appeal for deciding ineffective-assistance-of-counsel claims because the factual basis for such claims is almost never developed before a direct appeal but can be established in the district court on collateral review. *United States v. Padgett*, 917 F.3d 1312, 1316–18 (11th Cir. 2019). Nevertheless, we will consider an ineffective-assistance claim on direct appeal where the record is sufficiently developed. *United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), *overruled in part on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001).

We address Simmons's ineffective-assistance claim here, as the record is sufficient for us to reject Simmons's claim. A defendant raising an ineffective-assistance claim must show both that (1) counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although the record does not reveal why counsel failed or declined to object following the imposition of Simmons's sentence, this information is relevant only to whether counsel's performance actually was deficient, an issue we need not address here. Instead, we can reject Simmons's ineffective-assistance claim on the ground he is unable to demonstrate prejudice resulting from any deficient performance.

Trial counsel's deficient performance is prejudicial where, but for his errors, there is a reasonable probability that the results of the proceedings would have

been different.  *Griffith v. United States*, 871 F.3d 1321, 1330 (11th Cir. 2017).  As discussed above, even applying the less-deferential standard of review that would be applicable had counsel properly preserved all the issues raised in this appeal, we would affirm Simmons's 60-month sentence as procedurally and substantively reasonable.  Simmons, therefore, cannot show a reasonable probability that the result of the proceeding—i.e., the length of his sentence— would have been different absent counsel's allegedly deficient performance.  In other words, Simmons's inability to show that the district court erred, even under the less-deferential standard of review we have applied here, necessarily means he was not prejudiced by defense counsel's failure to object to the reasonableness of his sentence, and he is not entitled to relief on his ineffective-assistance claim.

## IV.  Conclusion

For the reasons discussed above, we affirm Simmons's 60-month, above-guideline sentence and reject his claim of ineffective assistance of counsel at sentencing.

**AFFIRMED.**