In the

# United States Court of Appeals
### For the Seventh Circuit

No. 01-4234

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALFREDO MARTINEZ-JIMENEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 426—**Charles P. Kocoras**, *Judge.*

ARGUED APRIL 19, 2002—DECIDED JUNE 27, 2002

Before BAUER, POSNER and EASTERBROOK, *Circuit Judges.*

BAUER, *Circuit Judge.* The appellant, Alfredo Martinez-Jimenez, was indicted for illegal re-entry into the United States. Martinez-Jimenez entered a guilty plea, which was accepted by the district court, and was sentenced to 21 months imprisonment with three years supervised release, a fine of $2000 and a $100 assessment. On appeal, Martinez-Jimenez argues that the district court improperly calculated his sentence under the United States Sentencing Guidelines (USSG). Because the appellant has waived any claim of error in the calculation of his sentence, we AFFIRM the decision of the district court.

**Background**

On August 23, 1993, a Cook County grand jury indicted Martinez-Jimenez in two counts of violating the Illinois Child Abduction statute. 720 ILCS 5/10-5(10). Martinez-Jimenez pled guilty and was convicted for attempting to lure a child into a motor vehicle for an unlawful purpose. He was sentenced to three years imprisonment in the Illinois Department of Corrections. As part of the sentencing process, the state advised the judge of the circumstances surrounding the crimes at issue, including that Martinez-Jimenez, while exposing himself and masturbating, told two young girls to get into his van and not to tell their mother. Following his release from custody, Martinez-Jimenez was deported. On April 1, 2001, Martinez-Jimenez was found in Chicago without permission to re-enter the United States. He was arrested and thereafter charged with illegal re-entry in violation of 8 U.S.C. § 1326.

Pursuant to a written plea agreement, Martinez-Jimenez pled guilty to the charge of unlawfully entering or being found in the United States after deportation. Prior to sentencing, both Martinez-Jimenez and the government submitted arguments regarding the appropriate offense level calculation under the USSG. Specifically, the parties addressed and disputed whether Martinez-Jimenez' prior state conviction qualified as a "crime of violence" and thus an "aggravated felony"[1] justifying an eight point enhance-

---

[1] Application Note 2 of section 2L1.2 in the 2001 USSG, which were used because they were more favorable to the defendant, adopts the definition of "aggravated felony" set forth in 8 U.S.C. § 1101(a)(43), which in turn incorporates the definition of "crime of violence" set forth in 18 U.S.C. § 16(b). Section 1101(a)(43)(F) defines an aggravated felony as "a crime of violence . . . for which the term of imprisonment is at least one year." Section 16(b) provides that a crime of violence is an "offense that is a felony and
(continued...)

ment to the base offense level of eight under the USSG. At sentencing, the district court adopted the probation officer's supplemental report, which included an eight level increase for Martinez-Jimenez' prior conviction for an "aggravated felony." Accordingly, the district court added eight levels to the base offense level of eight and subtracted three levels pursuant to USSG § 3E1.1 and the plea agreement, thereby producing an adjusted offense level of 13. When asked whether he disputed the adjusted offense level of 13, Martinez-Jimenez, by way of counsel, voiced no objection and responded, "We do not."

## Discussion

The government argues that Martinez waived any claim of error in the calculation of his offense level. Waiver occurs when a defendant intentionally relinquishes a known right. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) (citations omitted). Waiver operates to extinguish the claim of error and precludes appellate review. *Id.*; *United States v. Harris*, 230 F.3d 1054, 1058-59 (7th Cir. 2000) ("[W]e cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal.") (citations omitted).

When asked whether he had any dispute with the court's conclusion that his offense be categorized as a level 13, Martinez stated that he did not. By such statement, Martinez plainly communicated an intention to relinquish and abandon any arguments related to his offense level calculation. *See, e.g.*, *United States v. Richardson*, 238 F.3d

---

[1] (...continued)

that, by its nature, involves a substantial risk that physical force against the person . . . may be used in the course of committing the offense."

837, 841 (7th Cir. 2001) (answering no to question of whether there was any objection to a two-level sentencing enhancement was a waiver in the strict sense of the term, thereby barring further judicial consideration); *Harris*, 230 F.3d at 1059 (finding that by affirmatively declining to object at sentencing, defendant extinguished sentencing issue); *United States v. Redding*, 104 F.3d 96, 99 (7th Cir. 1996) (holding statements in transcript evidencing acceptance of sentencing calculations constituted waiver) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). Martinez-Jimenez argues that the court and/or the government were confused and that, as a result, it was unclear what was being waived. After reviewing the record, we find this argument unpersuasive. Further, Martinez-Jimenez can hardly claim ignorance on the part of himself or anyone else where, as here, he and the government submitted arguments concerning the very sentencing calculation issue for which he now seeks appellate review, and the probation officer prepared a supplemental report outlining and explaining the offense level computations of which all parties and the court were aware. *Cf. United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) (finding that where the defendant knew he had a right to object to the calculation of his criminal history, knew the contents of the presentencing report, and affirmatively decided not to object despite such knowledge, his right to appeal calculation issue was waived). Martinez-Jimenez has waived any challenge to the district court's offense level calculation and appellate review is precluded.

Even if we were to disregard the contents of the record and assume that Martinez-Jimenez' relinquishment of his sentencing argument was unintentional, resulting in a forfeiture rather than a waiver, we still would not disturb the sentence imposed by the district court. The court's allowance of an "aggravated felony" enhancement for a crime that entailed the luring or enticement of a child into a ve-

hicle for an unlawful purpose is simply not clear error when such deviant conduct by its nature involves a substantial risk that in the course of such offense, force may be used against the young victim. The eight level increase in Martinez-Jimenez' offense level computation provides no grounds for reversal.

## Conclusion

The appellant's conviction and sentence is hereby AFFIRMED.

A true Copy:

      Teste:

                         _____
                         *Clerk of the United States Court of*
                            *Appeals for the Seventh Circuit*