UNITED STATES of America,
Plaintiff–Appellee,

v.

Vincent WILLIAMS, Defendant–
Appellant.

No. 02–1661.

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2002.

Decided July 25, 2002.

Before POSNER, KANNE, and EVANS, Circuit Judges.

ORDER

Jamaican citizen Vincent Williams pleaded guilty to being found in the United States without the permission of the Attorney General after having been deported, 8 U.S.C. § 1326(a), and was sentenced to fifty-seven months' imprisonment, three years' supervised release, and a $100 special assessment. Williams filed a notice of appeal, but his attorney believes an appeal would be frivolous and so has filed a motion for leave to withdraw and a brief outlining the potential issues he considered raising. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is sufficient, and

because Williams has declined our invitation to respond, *see* Cir. R. 51(b), the brief alone guides our analysis, *see, e.g., United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first considers whether Williams might argue that the district court wrongly assessed a criminal history point for a sentence imposed in 1990, more than ten years before the date the indictment alleges Williams was found in the United States (August 13, 2001). But the point was part of the criminal history calculation contained in the PSR, and Williams waived any objection to that calculation by answering "no" when asked at sentencing whether he wished to make any corrections to the PSR. *See, e.g., United States v. Martinez–Jimenez,* No. 01–4234, 294 F.3d 921, 2002 WL 1378749, at *2 (7th Cir. June 27, 2002) (collecting waiver cases). Moreover, counsel observes, the argument would have been frivolous: sentences for offenses a defendant commits as an adult are counted if imposed within ten years of the "commencement" of the offense of conviction, *see* U.S.S.G. § 4A1.2(e); "found in" offenses like Williams's commence at the time of the re-entry, *see United States v. Lopez–Flores,* 275 F.3d 661, 663 (7th Cir.2001); and Williams conceded at sentencing that he was in the United States as early as May 1999.

Next, counsel examines whether Williams deserved a downward departure because his deportability subjects him to harsher conditions of confinement. But as counsel conceded in the district court, no such departure is permitted when a defendant is sentenced based on a re-entry violation because the applicable guideline, U.S.S.G. § 2L1.2, accounts for deportability. *See United States v. Bautista,* 258 F.3d 602, 605 (7th Cir.2001); *United States v. Martinez–Carillo,* 250 F.3d 1101, 1107

(7th Cir.2001); *United States v. Farouil*, 124 F.3d 838, 846–47 & n. 6 (7th Cir.1997); *United States v. Gonzalez–Portillo*, 121 F.3d 1122, 1125 (7th Cir.1997).

We agree with counsel that both potential issues are frivolous. Accordingly, counsel's motion to withdraw is GRANTED and Williams's appeal is DISMISSED. Williams's motion for appointment of new counsel is DENIED.