**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ralph B. CUTCHINS, Defendant– Appellant.**

**No. 02–3927.**

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 2003.

Decided April 9, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

ORDER

The murder of an inmate at the federal penitentiary in Marion, Illinois, prompted prison officials to conduct a series of systemwide searches of inmates for weapons. During one of those searches, officials discovered that inmate Ralph Cutchins had concealed a plastic knife inside his rectal cavity. Cutchins pleaded guilty to possessing a prohibited weapon while imprisoned at a federal facility, 18 U.S.C. § 1791(a)(2), and was sentenced to 46

months' imprisonment and 3 years' supervised release to be served consecutively to the 12–year prison term he was already serving for bank robbery. Cutchins' appointed counsel, who also represented him in the district court, now has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous basis for appeal. Although notified of his opportunity to do so, *see* Cir. R. 51(b), Cutchins did not respond to counsel's motion. Because counsel's brief is facially adequate, we limit our review to the potential issues counsel identifies. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We agree with counsel that the potential issues are frivolous and therefore grant the motion to withdraw and dismiss Cutchins' appeal.

■ We first consider counsel's assertion that a challenge to the voluntariness of Cutchins' guilty plea would be frivolous because the district court complied with Federal Rule of Criminal Procedure Rule 11. Counsel need not have explored the adequacy of the Rule 11 colloquy in his *Anders* submission because neither counsel nor Cutchins suggest that Cutchins now wishes to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

■ Counsel also examines whether Cutchins could have asserted a nonfrivolous defense to the weapons charge–namely, that Cutchins possessed the knife out of necessity, to protect himself from other inmates. But, counsel concludes, this defense would be frivolous in light of our recent decision in *United States v. Tokash*, 282 F.3d 962, 970–71 (7th Cir.2002), which holds that fear of future potential violence from other inmates is not enough to justify possession of a weapon; rather, prisoners must demonstrate that they faced an immediate threat of serious bodily harm *and*

had no reasonable alternative to violating the law. As in *Tokash* the government filed a pretrial motion in limine to preclude Cutchins from introducing evidence to support a necessity defense. The district court, however, did not decide the government's motion because Cutchins pleaded guilty. Having pleaded guilty, Cutchins has waived his opportunity to present this defense. *See United States v. Broce*, 488 U.S. 563, 571, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Nash*, 29 F.3d 1195, 1201 (7th Cir.1994). Moreover, Cutchins acknowledged at the plea hearing that, with his plea, he was waiving any issues raised by the government's motion in limine. Thus, unless Cutchins were seeking to withdraw his plea–and, as set forth above, nothing we have seen indicates that he wishes to do so–any argument challenging his conviction on the ground of necessity would be frivolous.

■ Counsel next considers whether Cutchins could mount a nonfrivolous challenge to his prison sentence. Based on the presentence report, the district court determined that Cutchins' offense level was 14, which, combined with a criminal history category of VI, yielded a range of 37–46 months' imprisonment. First, as counsel points out, Cutchins' prison sentence of 46 months was not unlawful because it fell within that range as well as the five-year statutory maximum for Cutchins' crime, *see* 18 U.S.C. § 1791(b)(3), and the district court had no choice under § 1791(c) but to impose the sentence consecutively. Second, counsel correctly observes that Cutchins waived any challenge to the district court's determination of his guideline range. At sentencing, the court asked both Cutchins and his attorney whether they had any objections to the PSR; by agreeing that they had none, Cutchins has waived his right to contest on appeal the determination of his guideline range.

*United States v. Martinez–Jimenez,* 294 F.3d 921, 923 (7th Cir.2002); *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). We therefore agree with counsel that any challenge to Cutchins' sentence would be frivolous.

Lastly, counsel reports that Cutchins believes that counsel was ineffective for failing to pursue the necessity defense and for failing to successfully argue for a lesser sentence. Counsel maintains that any ineffective-assistance claim would be frivolous because Cutchins had no viable defense, his sentence was proper, and his guilt was undisputed. Based upon our review of the record, we find no reason to disagree with counsel's assessment. But because Cutchins' proposed claim likely would depend on evidence outside the record, it would best be brought on collateral attack rather than on direct appeal. *See United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002). That is particularly so where, as here, a defendant's trial and appellate counsel are the same. *See United States v. Fuller,* 312 F.3d 287, 291 (7th Cir.2002). Accordingly, if Cutchins marshals evidence supporting his view that his trial attorney was deficient, he may file a motion under 28 U.S.C. § 2255.

For these reasons, we GRANT counsel's motion to withdraw, and DISMISS the appeal.