**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyrone HOLMAN, Defendant–
Appellant.**

No. 03–1281.

United States Court of Appeals,
Seventh Circuit.

Submitted July 29, 2003.

Decided July 31, 2003.

briefs and record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

Tyrone Holman pleaded guilty to one count of conspiracy to distribute crack cocaine, 21 U.S.C. §§ 846, 841, and three counts of possession with intent to distribute crack cocaine, *id.* § 841(a)(1). The district court sentenced him to concurrent terms of 228 months' imprisonment, and concurrent terms of five years' supervised release on the conspiracy count and three years' supervised release on the other three counts. Holman filed a notice of appeal, but his counsel seeks to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Holman has responded under Circuit Rule 51(b), so we limit our review to the potential issues identified both by counsel and Holman. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first addresses whether Holman could make a nonfrivolous challenge to the validity of his guilty pleas. Holman alludes in his response to wanting to withdraw his guilty pleas, but because he did not seek withdrawal in the district court, only plain error could justify relief.

*See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Here, Holman waived all non-jurisdictional defenses by entering unconditional guilty pleas. *See United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir.2001). Moreover, the district judge substantially complied with Federal Rule of Criminal Procedure 11 at the change-of-plea colloquy, with one exception: the judge never stated on the record that he had found Holman competent to plead guilty. The judge, however, did ask Holman the appropriate questions to establish his competency. The judge asked Holman, for example, whether he understood the charges against him and whether he was pleading guilty voluntarily. Furthermore, nothing in the plea colloquy gave the court reasonable cause to question Holman's competence, nor does Holman press the point in his response. *See United States v. Zarnes,* 33 F.3d 1454, 1472 (7th Cir.1994) (court not required to hold competency hearing unless there is reasonable cause to believe defendant is incompetent). Therefore, we agree with counsel that Holman could not mount a nonfrivolous challenge to the validity of his guilty pleas.

■ Next, both counsel and Holman address whether Holman could make nonfrivolous arguments about various aspects of his sentence, including whether the government complied with 21 U.S.C. § 851 in adequately notifying Holman that it intended to use his prior convictions to enhance his sentence. But because Holman did not file any objections to the presentence report and stated at his sentencing hearing that he had no objections, any challenge to his sentence would be waived on appeal. *See United States v. Martinez–Jimenez,* 294 F.3d 921, 923 (7th Cir. 2002); *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000); *see also United States v. Ceballos,* 302 F.3d 679, 692 (7th Cir.2002) (holding that requirements under § 851 were not jurisdictional).

■ Finally, both counsel and Holman address whether Holman could press a nonfrivolous claim of ineffective assistance of counsel. But as we have repeatedly observed, a collateral proceeding, rather than direct appeal, is the appropriate vehicle for such a claim that depends, as this one would, on matters outside the record. *See United States v. Hamzat,* 217 F.3d 494, 501 (7th Cir.2000); *see also Massaro v. United States,* — U.S. ——, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance.").

Therefore, because the potential arguments that counsel and Holman identify are frivolous, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.