**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arlinda L. JOHNS Defendant–
Appellant.**

No. 03–2492.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 20, 2003.

Decided Oct. 21, 2003.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## ORDER

Without the benefit of a plea agreement, Arlinda Johns pleaded guilty to one count of conspiracy to distribute at least five grams of crack, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Johns to 151 months' imprisonment followed by five years of supervised release, and imposed a $100 special assessment. Johns appeals, but her appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she believes Johns's appeal is frivolous. Counsel's brief is facially adequate, and so we limit our review to the potential issues identified in the brief and in the response Johns filed under Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

■ Counsel first considers whether Johns could challenge the voluntariness of her guilty plea. (Counsel evaluates this potential issue because Johns expressed a desire to have her guilty plea set aside even after counsel consulted with her. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).) Johns, though, did not move to withdraw her plea in the district court, and thus only plain error would justify relief. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). No matter what the standard though, the proposed argument here would be frivolous because the district court ensured that Johns's guilty plea was voluntary by substantially complying with Federal Rule of Criminal Procedure 11. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002). Counsel does identify what she characterizes as three Rule 11 "omissions," but the label fits none of them. Specifically, the district court did not discuss with Johns its authority to order restitution, Fed.R.Crim.P. 11(b)(1)(K), the possibility of forfeiture, Fed.R.Crim.P. 11(b)(1)(J), or the inclusion of a plea-agreement provision waiving a direct appeal or collateral attack, Fed. R.Crim.P. 11(b)(1)(N). The reason, though, is obvious: there was no restitution, forfeiture, or plea agreement.

■ Counsel, joined by Johns in her Rule 51(b) response, next explores whether Johns could challenge her prison sentence. Both counsel and Johns first focus on the district court's imposition of a two-level upward adjustment to John's offense level because she possessed a firearm in relation to her drug offense. *See U.S.S.G.* § 2D1.1(b)(1). Prior to sentencing Johns had objected to the proposed adjustment, but at sentencing she expressly withdrew her objection. Johns said "yes" when the court asked if withdrawing the objection was her "own free and voluntary act." Thus, Johns has waived any challenge to the adjustment, *see, e.g., United States v.*

*Martinez–Jimenez,* 294 F.3d 921, 923 (7th Cir.2002), rendering any argument about it frivolous, *see United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000).

In her Rule 51(b) response, Johns argues that we should excuse her waiver because she withdrew her objection to the § 2D1.1 adjustment only because of counsel's bad advice. She alleges that counsel pressured her to withdraw the objection but at the same time assured her that she would still be able to challenge the adjustment on appeal. Johns's misapprehension about the effect of her decision, however, does not render her withdrawal of the objection invalid; at best Johns conceivably has a claim for ineffective assistance of counsel premised on the purportedly bad advice. *See Glover v. United States,* 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001); *Ramunno v. United States,* 264 F.3d 723, 725–26 (7th Cir.2001) (counsel's failure to secure benefits for client under guidelines may form basis for constitutional claim). Johns argues as much in her Rule 51(b) response, yet we have often explained that an ineffective assistance claim like the one she proposes is better explored in a collateral attack, both because it depends on matters outside the record, *see Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Kelly,* 337 F.3d 897, 903 (7th Cir.2003), and because Johns still has the same counsel who represented her in the district court, *see, e.g., United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003).

■ Johns also proposes contesting on appeal the drug amounts used to determine her relevant conduct under the guidelines. In her Rule 51(b) response she claims that the drug amount should be 11 grams (resulting in a range of 63–78 months' imprisonment if all else remained the same) instead of the 230 grams found by the district court (leading to a range of 151–188 months). Johns explains that the district court arrived at 230 grams by relying on information she gave to law enforcement agents in a proffer that the government ultimately rejected as untruthful. Because the government rejected the proffer, Johns thinks that anything in it should have been off limits for purposes of computing relevant conduct. But here, too, her proposed argument would be frivolous since both Johns and defense counsel represented at sentencing that they agreed with the presentence report, which includes the calculations that Johns now seeks to dispute. *See, e.g., Knox,* 287 F.3d at 670; *United States v. Scanga,* 225 F.3d 780, 783 (7th Cir.2000).

■ Finally, counsel and Johns contemplate arguing on appeal that the government's refusal to move for a downward departure based on assistance Johns provided to authorities, *see* U.S.S.G. § 5K1.1, was irrational and discriminatory. Johns helped the government apprehend and prosecute her co-defendant (she loaned him her car to drive to Chicago to buy drugs and then called agents to arrest him when he returned downstate with the drugs), but the government declined to move for a substantial-assistance departure. The government's decision would have been reviewable by the district court only if Johns had proffered evidence that it was based on an unconstitutional motive such as race, or had no rational relationship to any legitimate government objective. *See Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Bosque,* 312 F.3d 313, 318 (7th Cir.2002).

Johns now attempts to make the requisite showing in her Rule 51(b) response by arguing that the government refused to depart because she is black. To support her theory she points to her co-defendant's

white girlfriend who was never charged despite being involved in at least one drug transaction; Johns also insists that because she did everything possible to secure her co-defendant's conviction "except arrest him herself" the government could not have had a rational basis not to move for a departure. But as counsel recognizes, Johns never even broached—let alone developed—this theory in the district court, and so our review would be limited to a search for plain error. *See United States v. Randle,* 324 F.3d 550, 555 (7th Cir.2003); *see also United States v. Donatiu,* 922 F.2d 1331, 1334 n. 3 (7th Cir.1991) (declining to review defendant's argument, raised for the first time on appeal, that government arbitrarily refused to move for § 5K1.1 departure). Because Johns presented no evidence of an unconstitutional motive to the district court, it did not plainly err by failing to explore the issue *sua sponte. See Wade,* 504 U.S. at 186. And without a motion from the government, the district court had no authority to depart downward. *See, e.g., United States v. Santoyo,* 146 F.3d 519, 523 (7th Cir. 1998) (collecting cases). Thus, we agree with counsel that a challenge based on the government's decision not to move for a downward departure would be frivolous. Here too Johns points to counsel's missteps to try and excuse her forfeiture, but, again, this contention is better explored on collateral review.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. Johns's request that we appoint new counsel is DENIED.