**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Herendira GRANADOS–MARIN, Defendant–Appellant.**

No. 02–1272.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 16, 2003.

Decided Dec. 18, 2003.

Edmond E. Chang, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Joseph R. Lopez, Gerardo S. Gutierrez, Chicago, IL, for Defendant–Appellant.

Before BAUER, POSNER, and EVANS, Circuit Judges.

## ORDER

Herendira Granados–Marin pleaded guilty to being in the United States without permission after having been deported. 8 U.S.C. § 1326(a). At sentencing the district court found that her 1986 conviction for attempted robbery constituted a crime of violence, and thus increased her offense level by 16. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The court sentenced Granados–Marin to 77 months' imprisonment and 3 years' supervised release. She appeals her sentence, and we affirm.

The charging document in the 1986 case alleges that Granados–Marin struck a woman and grabbed her purse. The probation officer recommended the 16–level increase on the premise that attempted robbery always constitutes a crime of violence under § 2L1.2(b)(1)(A)(ii); Granados–Marin countered that the probation officer was "technically" correct, but that her prior offense was "a slightly lower type of crime of violence" because of the underlying facts. Her "attempted purse snatching was not as serious as the crimes of violence that § 2L1.2 means to punish with the harsh 16–level enhancement," and was really "more akin to the types of crime that the 8–level enhancement covers: aggravated felonies as opposed to this crime being a per se crime of violence." The district court rejected that argument and

held that, regardless of the underlying facts, Granados–Marin had been convicted of attempted robbery and accordingly the court was bound by the guidelines to apply the 16–level adjustment. Our review is de novo. *United States v. Alvarenga–Silva,* 324 F.3d 884, 886 (7th Cir.2003).

If a defendant is unlawfully present in the United States, her base offense level is 8. If she was previously deported subsequent to a conviction for a "crime of violence," then the court should increase the base offense level by 16 levels. U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2002). A crime of violence:

> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
>
> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. 2L1.2, comment. (n.1). The crimes enumerated in subsection II are illustrative rather than restrictive. *See Alvarenga–Silva,* 324 F.3d at 888. If a prior conviction does not fall into the crime-of-violence category, it will still garner an 8–level increase if the crime was an aggravated felony or a 4–level increase for any other felony. U.S.S.G. § 2L1.2(b)(1)(C), (D).

■ As a preliminary issue, the government contends that we cannot consider the merits of this appeal because Grandas–Marin conceded in the district court that her attempted burglary conviction is properly classified as a crime of violence, and thus waived any challenge to the 16–level adjustment. But the government overstates the breadth of the concession. Waiver occurs when a defendant intentionally relinquishes a known right. *United*

*States v. Martinez–Jimenez,* 294 F.3d 921, 923 (7th Cir.2002). Here, although Granados–Marin did concede multiple times that the 16–level adjustment "technically" applied, she also continued to argue that an exception should be carved out for her particular attempted burglary. At no point did she say that she had no objection to the adjustment, and her concession was not a "plainly communicated ... intention to relinquish and abandon any arguments related to [her] offense level calculation." *Id.* at 923. Indeed, the district court understood–and rejected–Grandos–Marin's contention that the facial applicability of § 2L1.2(b)(1)(A)(ii) should be overlooked, so she could not have waived her right to challenge the upward adjustment.

■ On the merits, however, Granados–Marin's appeal fails. If an offense is specifically listed in the definition of a crime of violence under § 2L1.2, then it warrants a 16–level increase regardless whether the defendant's prior crime actually involved force. *See United States v. Vargas–Garnica,* 332 F.3d 471, 474 (7th Cir.2003); *see also United States v. Unthank,* 109 F.3d 1205, 1209–10 (7th Cir.1997) (holding that offense enumerated in crime-of-violence definition under § 4B1.2 was conclusively crime of violence regardless of circumstance). Robbery is specifically listed in the crime-of-violence definition, *see* U.S.S.G. § 2L1.2, comment. (n.1), and prior convictions for offenses counted as crimes of violence include attempts to commit such offenses, *see* U.S.S.G. 2L1.2, comment. (n.4). Thus, § 2L1.2 mandates classifying the attempted robbery conviction as a crime of violence. *See Vargas–Garnica,* 332 F.3d at 474.

Additionally, Granados–Marin's prior offense qualifies as a crime of violence under subsection I of the definition. In determining whether an offense is a crime of violence, a district court must confine its

inquiry to the facts alleged in the charging document and the statutory definition of the offense. *See, e.g., United States v. Cole,* 298 F.3d 659 (7th Cir.2002); *United States v. Shannon,* 110 F.3d 382, 384–85 (7th Cir.1997) (en banc); *see also United States v. Howze,* 343 F.3d 919, 921 (7th Cir.2003). Only if it is impossible to determine the classification of a crime from the charging document will a court look further than that document. *United States v. Alvarez–Martinez,* 286 F.3d 470, 475 (7th Cir.2002). This categorical approach to classifying crimes applies to the crime-of-violence definition in the amended version of § 2L1.2 as well. *See United States v. Rodriguez–Rodriguez,* 323 F.3d 317, 318–9 (5th Cir.2003); *United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003).

Granados–Marin was convicted of attempted robbery, which under the Illinois law that controls her conviction occurs when someone attempts to take property "from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 4/18–1 (1986) (definition of robbery); 720 ILCS 5/8–4 (1986) (definition of attempt). The charging document from the state case alleges that Granados–Marin struck a woman and grabbed her purse; that description and the statutory definition unambiguously establish that the prior offense had as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1). Accordingly, we look no further. *See Alvarez–Martinez,* 286 F.3d at 475.

AFFIRMED.