**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006
Decided December 8, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2418

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>BILL HERNANDEZ-ESLORA,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Western Division<br><br>No. 05 CR 50046-1<br><br>Philip G. Reinhard,<br>*Judge.* |

**O R D E R**

Bill Hernandez-Eslora was caught with 250 grams of cocaine on the way to a drug deal with a government informant. After voir dire but before opening statements at his trial, Hernandez-Eslora pleaded guilty to one count of conspiracy to distribute cocaine and one count of possession with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). After calculating a guidelines imprisonment range of 168 to 210 months, the district court imposed concurrent terms of 192 months plus three years of supervised release, $200 in special assessments, and a $300 fine. Appointed counsel filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Hernandez-Eslora to respond to counsel's brief, *see* Cir. R. 51(b), but he has not done so. Counsel's supporting brief is facially adequate, so we

limit our review to the potential issues identified by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (*per curiam*).

Hernandez-Eslora has given no indication that he wants his guilty pleas set aside, so counsel appropriately has omitted any discussion of the adequacy of the plea colloquy or the voluntariness of his pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). And since Hernandez-Eslora agreed with the probation officer's guidelines calculations, he has waived any appellate argument about the resulting imprisonment range. *See United States v. Murry*, 395 F.3d 712, 717 (7th Cir. 2005); *United States v. Martinez-Jimenez*, 294 F.3d 921, 923 (7th Cir. 2002). Thus counsel considers only whether his 192-month prison terms are unreasonable.

At sentencing Hernandez-Eslora argued for a below-guidelines sentence due to his poor health. The district court disagreed, finding that Hernandez-Eslora could receive adequate—if not better—medical treatment in prison. The district court also noted that Hernandez-Eslora's illness had not prevented him from committing crime, and thus could not be expected to deter him in the future.

Counsel rightly concludes that it would be frivolous for Hernandez-Eslora to argue that his poor health compels a lower sentence. A sentence within the guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The Supreme Court has granted a writ of certiorari to determine whether that presumption is consistent with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754). But even without the benefit of the presumption, Hernandez-Eslora's sentence is reasonable. The district court meaningfully considered the statutory sentencing factors and determined that Hernandez-Eslora's illness did not compel a shorter sentence because he could be treated in prison. The court also found that his illness had not—and would not—prevent him from committing crime. *See United States v. Wurzinger*, No. 05-3803, 2006 U.S. App. LEXIS 26917 at *11 (7th Cir. Oct. 30, 2006). Counsel is unable to identify any other factors that would have compelled a lower sentence.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.