UNITED STATES of America

v.

Rodolfo **LOPEZ–GONZALEZ,**
Defendant.

No. **EP–07–CR–128–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

May 10, 2007.

---

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for United States of America.

Margarito Gonzalez Rodriguez, Office of the Federal Public Defender, Western District of Texas, El Paso, TX, for Defendant.

## MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO SIXTEEN–LEVEL INCREASE FOR PRIOR CONVICTION

MARTINEZ, District Judge.

On this day, the Court considered Defendant Rodolfo Lopez–Gonzalez's objection to the Presentence Investigation Report's ("PSR") recommendation of a sixteen-level upward adjustment for his prior conviction for robbery in Illinois. The PSR characterizes Defendant's prior conviction as a "crime of violence," qualifying him for a sixteen-level upward adjustment pursuant to U.S. S.G. § 2L1.2(b)(1)(A)(ii). After considering the parties' briefing and the oral arguments presented to the Court at the sentencing hearing on May 1, 2007, the Court orally denied Defendant's objection. The Court writes now to explain more fully the reasons for its ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2007, Defendant was charged in a single-count indictment with illegal reentry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On February 26, 2007, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). The PSR recommended an sixteen-level upward adjustment, pursuant to § 2L 1.2(b)(1)(A)(ii), on the grounds that Defendant had been convicted of the offense of robbery prior to his previous removal from the United States. Defendant previously pled guilty to the offense of robbery in Illinois in 1997, and was removed from the United States on October 27, 2006. Defendant objected to the recommended increase on the grounds that his robbery conviction did not constitute a crime of violence.

## II. DISCUSSION

§ 2L1.2(b)(1)(A)(ii) instructs the Court to apply a sixteen-level increase to the base offense level of a defendant who was previously deported after a felony conviction for a "crime of violence." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2007). The Guidelines define "crime of violence" as:

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, *robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.*

*Id.* § 2L1.2 cmt. n. 1(B)(iii) (emphasis added). Defendant's conviction is thus a "crime of violence" if it constitutes the enumerated offense of "robbery" or if his conviction required as an element the use, attempted use, or threatened use of force. To determine whether a prior conviction constitutes a "crime of violence," the Court considers only the statute of conviction, and not the conduct giving rise to the conviction. *United States v. Velasco,* 465 F.3d 633, 638 (5th Cir.2006). The Illinois robbery statute under which Defendant was convicted provided that:

(a) A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18–3 or 18–4, from the person or presence of another by the use of force or by threatening the imminent use of force.

(b) Sentence. Robbery is a Class 2 felony. However, if the victim is 60 years of age or over or is a physically handicapped person, robbery is a Class 1 felony.

720 ILL. COMP. STAT. § 5/18–1 (1997).

■ Defendant argues that the Illinois robbery statute encompasses conduct that would not be considered a "crime of violence." Defendant contends that the statute allows a conviction for robbery to be based not only on the use of force, but also on the victim's age or physical disability; therefore, the statute proscribes more than simply robbery and does not necessarily require proof of force against a person as an element of the conviction.

Defendant misunderstands the relationship of the robbery statute's two sections. Sections (a) and (b) are not two alternative means of committing robbery; a person does not commit robbery in Illinois by either taking property by force *or* committing a crime against a victim who "is 60 years of age or over or is a physically handicapped person." *Id.* Rather, section (a) sets forth the elements necessary to prove robbery, and section (b) determines the sentence appropriate for a violation of the statute. If a defendant commits robbery against a qualifying victim, his crime is a class 1 felony; otherwise, it is a class 2 felony. Under either circumstance, the defendant's conviction is for the "tak[ing of] property ... from the person or presence of another by the use of force or by threatening the imminent use of force." *Id.*

A conviction under that statute constitutes a "crime of violence." First, the conviction qualifies as the enumerated offense of "robbery." In assessing an enumerated offense, the Court applies a "common sense approach" and "defin[es] the offense according to its ordinary, contemporary, [and] common meaning." *United States v. Mungia–Portillo,* 484 F.3d 813, 815 (5th Cir.2007). The Fifth Circuit has recently held that "robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." *United States v. Santiesteban–Hernandez,* 469 F.3d 376, 380 (5th Cir.2006) (internal quotation omitted). The Court has no doubt that a taking of property by the use or threatened use of force satisfies the ordinary meaning of robbery, thus making Defendant's conviction an enumerated offense. *See id.* at 380 n. 5 (noting that Illinois's robbery statute falls within the generic definition stated above); *United States v. Granados–Marin,* 83 Fed.Appx. 834, 836 (7th Cir. 2003) (holding that a conviction under the Illinois robbery statute qualifies as the enumerated offense of robbery).

Second, the conviction qualifies as a "crime of violence" because it is an "offense under federal, state, or local law that has as an element the use, attempted use,

or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. 1(B)(iii) (2007). The Illinois robbery statute requires that the taking of property be committed "by the use of force or by threatening the imminent use of force." As the Seventh Circuit held when it considered the statute in *Granados–Marin,* the statute "unambiguously establish[es] ... as an element 'the use, attempted use, or threatened use of physical force against the person of another.' " *Granados–Marin,* 83 Fed.Appx. at 837.

Based on the foregoing analysis, the Court is of the opinion that Defendant's conviction for "tak[ing] property, except a motor vehicle covered by Section 18–3 or 18–4, from the person or presence of another by the use of force or by threatening the imminent use of force," 720 Ill. Comp. Stat. § 5/18–1 (1997), constitutes a "crime of violence," and the sixteen-level upward adjustment of § 2L1.2(b)(1)(A)(ii) was properly applied.