In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3592

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JUAN V. ANGIANO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09 CR 63—**Charles N. Clevert, Jr.**, *Chief Judge.*

ARGUED APRIL 1, 2010—DECIDED APRIL 19, 2010

Before EASTERBROOK, *Chief Judge*, and BAUER and
HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge.* At issue in this appeal is whether
the district court correctly concluded that burglary of a
dwelling is a crime of violence, warranting a sentencing
enhancement. Reviewing this question of law *de novo*,
we affirm.

## DISCUSSION

Juan Angiano pleaded guilty to one count of illegal re-
entry after being convicted of an aggravated felony,

in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Angiano admitted that he was previously convicted of burglary of a dwelling, in violation of Wis. Stat. § 943.10(1m)(a).

The statute under which Angiano was sentenced states: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence . . . increase by 16 levels." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2009). A "crime of violence" includes any of the following offenses under federal, state, or local law:

> [M]urder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, *burglary of a dwelling*, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S. Sentencing Guidelines Manual § 2L1.2 n.1(B)(iii) (2009) (emphasis added).

The Guidelines Manual makes clear that enumerated offenses, such as burglary of a dwelling "are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual, Supplement to Appendix C, Amendment 722 (effective date Nov. 1, 2008). The district judge applied the sixteen-level enhancement and sentenced Angiano to imprisonment for seventy-seven months.

On appeal, Angiano would like us to skip over the enumerated offenses in the definition above and analyze the particulars of his offense to see if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Angiano cites *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 129 S. Ct. 687 (2009), arguing that these Supreme Court cases looked at the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" to determine whether an enhancement was warranted. However, these cases are inapposite; both *Begay* and *Chambers* only classified the prior convictions under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) (2006) because the prior offenses were not specifically enumerated as "violent felon[ies]" under that clause. Here, Angiano's prior offense is specifically enumerated as a crime of violence under § 2L1.2 n.1(B)(iii); there is no need to look at the residual clause.

## CONCLUSION

Because burglary of a dwelling is specifically enumerated as a crime of violence under § 2L1.2 n.1(B)(iii), the sixteen-level enhancement was warranted.

AFFIRMED.