NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011[*]
Decided December 13, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3491

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 115-1 |
| GERARDO AGUIRRE-CASTRO, *Defendant-Appellant.* | William J. Hibbler, *Judge.* |

### O R D E R

Gerardo Aguirre-Castro pleaded guilty to being in the United States illegally after having been deported, *see* 8 U.S.C. § 1326(a), and was sentenced to 24 months' imprisonment. He now argues that the district court overstated his offense level by treating his prior conviction for aggravated criminal sexual abuse as a crime of violence. He also argues that he should be resentenced because, after this appeal was filed, we overturned contrary precedent and now authorize sentencing courts to consider whether the absence of

---

[*]The appellant states that oral argument is unnecessary, and we agree. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f); CIR. R. 34(f).

a fast-track program for illegal-reentry creates a disparity between defendants sentenced in this circuit and those sentenced in fast-track districts. Neither argument is persuasive.

Aguirre-Castro, a citizen of Mexico, came to the United States with his parents when he was three months old. In 1997 he was convicted of aggravated criminal sexual abuse of his 8-year-old niece, *see* 720 ILCS § 5/12-16, and sentenced to 6 years' imprisonment. Aguirre-Castro was released in 2000 and removed to Mexico. In February 2010 immigration officials received information from local police in Blue Island, Illinois, that Aguirre-Castro was in the country unlawfully. He was charged with violating § 1326(a), and two months later he pleaded guilty.

A probation officer set a base offense level of 8, *see* U.S.S.G. § 2L1.2(a), and added 16 levels after concluding that Aguirre-Castro's violation of § 5/12-16 constituted a crime of violence for purposes of § 2L1.2(b)(1)(A). He also received a 3-level decrease for acceptance of responsibility, *see id.* § 3E1.1(a), (b).

Aguirre-Castro filed a sentencing memorandum arguing that he does not have a conviction for a crime of violence. He conceded that Application Note 1(B)(iii) to § 2L1.2 lists "sexual abuse of a minor" as a crime of violence, but he argued that his violation of § 5/12-16 did not involve physical violence and thus should not count as a crime of violence. He pointed out that the residual clause of Application Note 1(B)(iii) includes as a crime of violence any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." Aguirre-Castro also argued that the guidelines imprisonment ranges for § 1326(a) cases are unjustifiably high and do not take into account the reasons for the unauthorized reentry. For example, he continued, some aliens illegally reenter the United States to sell drugs, whereas he returned because he believed his mother was in ill health and his family needed his assistance. In fact, he asserted, he was already planning to leave the country voluntarily and even had purchased a bus ticket south before he was apprehended. Aguirre-Castro argued that the district court should exercise its discretion and grant a lower sentence and noted that in some circuits district courts have discretion to consider the absence of a fast-track program for illegal reentry cases as a reason to give a lower sentence. Though he did not discuss a single fast-track program in any judicial district in the country, Aguirre-Castro represented in his memorandum that a prison sentence within the range of 27 to 33 months would be consistent with terms imposed in fast-track districts and would provide just punishment and adequate deterrence.

The government responded that, since Aguirre-Castro's prior conviction is for an offense enumerated in § 2L1.2 n.1(B)(iii), his argument that the crime does not fit the residual clause of Note 1(B)(iii) is irrelevant. In its written submission the government also

argued that, under the law of this circuit at the time, the absence of a fast-track program was not a valid reason for the district court to grant a lower sentence. Moreover, the government continued, Aguirre-Castro would not be eligible for any benefits even if he was charged in a district with a fast-track program because he did not waive his right to appeal or his right to seek postconviction relief under 28 U.S.C. § 2255.

The district court agreed with the government that Aguirre-Castro's conviction for aggravated criminal sexual abuse is a crime listed in the application note and thus is a crime of violence. The court also noted that circuit precedent foreclosed Aguirre-Castro's fast-track argument. The court adopted the total offense level of 21 recommended by the probation officer and calculated a guidelines imprisonment range of 41 to 51 months. But after accepting Aguirre-Castro's mitigating arguments that he had good reasons for returning to the United States and was about to leave when he got caught, the district court sentenced him to 24 months. That term is substantially below the guidelines range and also below the range Aguirre-Castro asserted would apply in a fast-track district.

In his brief on appeal, Aguirre-Castro argues that the district court erred by treating his conviction under § 5/12-16 as a crime of violence. He maintains that the district court should have analyzed the elements of his offense to determine whether it involved violent force before treating it as a crime of violence. After briefing was complete in this case, however, we rejected that very contention in *United States v. Ramirez*, 652 F.3d 751, 756–57 (7th Cir. 2011), which holds that "[a]ll violations of § 5/12-16(d) . . . are crimes of violence for purposes of § 2L1.2(b)(1)(A)(ii)." We observed that Application Note 1(B)(iii) lists "sexual abuse of a minor" as a crime of violence, and reasoned that "an enumerated offense is *always* a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii), whether or not the use or threat of physical force is an element of the offense." *Ramirez*, 652 F.3d at 756; *see United States v. Angiano*, 602 F.3d 828, 829 (7th Cir. 2010). In a postbriefing submission, *see* FED. R. APP. P. 28(j), Aguirre-Castro essentially acknowledges that *Ramirez* forecloses his objection to the 16-level increase under § 2L1.2(b)(1)(A)(ii).

In that postbriefing submission Aguirre-Castro also concedes that *Ramirez* is "very possibly determinative" of his second contention: that a remand is necessary because after his sentencing hearing we overturned precedent and now allow district courts to consider sentencing disparities created by the absence of a fast-track program. *See United States v. Reyes-Hernandez*, 624 F.3d 405, 407–08, 422 (7th Cir. 2010). Based on *Reyes-Hernandez*, the government initially agreed that Aguirre-Castro's sentence should be vacated and the case remanded for resentencing. The government subsequently withdrew that concession, however, and now argues that Aguirre-Castro's sentence should be affirmed because he did not waive his right to appeal or his right to seek relief under 28 U.S.C. § 2255. The government cites *Ramirez*, 652 F.3d at 759, which explains that, absent a waiver of these

rights, a defendant's claim of a fast-track disparity is illusory and may be rejected out of hand.

To receive the benefits of a fast-track program, defendants must promptly plead guilty, agree to the factual basis of the offense, and waive their rights to file pretrial motions, to appeal, and to seek postconviction relief under 28 U.S.C. § 2255. *See Ramirez*, 652 F.3d at 758. Individual districts also have their own additional criteria for fast-track eligibility. *Id.* Our opinion in *Ramirez* clarifies that a sentencing court is not required to consider arguments about fast-track disparity unless the defendant has executed an enforceable waiver of rights by the time of the plea colloquy, established that he would receive a fast-track sentence in at least one district with a fast-track program, and offered a "thorough account of the likely imprisonment range" in districts where he would have been eligible for fast-track benefits. *Id.* at 761.

Aguirre-Castro took none of these steps, and, in fact, at sentencing he argued that this was a "perfect case for a fast-track result," not because he would have fared better in a district with a fast-track program, but because he "is a man who came into this country for a specific reason." Aguirre-Castro elaborated that he returned to the United States illegally because a family member had told him that his mother was dying and that two of his younger brothers were involved with drugs and needed his guidance. Those reasons, of course, have nothing to do with fast-track sentencing, and, more importantly, the district court gave Aguirre-Castro a prison sentence substantially below his guidelines range on account of these very arguments. Mischaracterizing these grounds in mitigation as a fast-track argument cannot disguise that Aguirre-Castro already received a lower sentence based on the arguments he actually made at sentencing.

Accordingly, we AFFIRM Aguirre-Castro's sentence.