**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2014
Decided April 14, 2014

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3019

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 187-1 |
| GIOVANI CRUZ-BEDOLLA, *Defendant–Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

## O R D E R

Giovani Cruz-Bedolla, a Mexican citizen, pleaded guilty in 2005 to attempted residential burglary, 720 ILCS §§ 5/8-4(a), 5/19-3(a), and was sentenced to three years in prison. At the time, Mr. Cruz-Bedolla was not authorized to be in the United States, and he was removed after serving one year of his prison term. Around June 2011 he returned to the United States, still without authorization, and in February 2012 was jailed for driving under the influence and obstructing justice. Federal authorities found

him in jail and charged him under 8 U.S.C. § 1326(a) for his unauthorized presence. Mr. Cruz-Bedolla pleaded guilty to that charge without a plea agreement.

The district court calculated a total offense level of 21, starting at a base offense level of 8, U.S.S.G. § 2L1.2(a) (2012), adding 16 levels because Mr. Cruz-Bedolla had been deported following a conviction for a crime of violence, *id.* § 2L1.2(b)(1)(A)(ii), and subtracting 3 levels for his acceptance of responsibility, *id.* § 3E1.1. Incorporating Mr. Cruz-Bedolla's criminal-history category of V yielded a guidelines imprisonment range of 70 to 87 months. The court sentenced him below that range to 54 months in prison. Mr. Cruz-Bedolla filed a notice of appeal. Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. *See Anders v. California*, 386 U.S. 738 (1967). Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed, plus any additional issues that Mr. Cruz-Bedolla, disagreeing with counsel, believes have merit. *See United States v. Bey*, No. 13-1163, slip op. at 4 (7th Cir. Apr. 10, 2014); *United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first informs us that Mr. Cruz-Bedolla does not wish to challenge his guilty plea and thus properly omits discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel then considers a possible argument that the district court improperly increased Mr. Cruz-Bedolla's offense level based on his conviction for attempted burglary. Mr. Cruz-Bedolla in his Rule 51(b) response expresses concern about this increase. But as counsel correctly recognizes, burglary of a dwelling specifically is included in the guidelines as a "crime of violence," for which 16 levels are added. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2012). Application Note 5 adds that an attempt counts the same as the crime itself. *Id.* § 2L1.2 cmt. n.5. Moreover, we previously have held that the burglary of a dwelling is a crime of violence under § 2L1.2, thus warranting the 16-level enhancement. *See United States v. Angiano*, 602 F.3d 828, 829 (7th Cir. 2010) (concluding that conviction for burglary of a dwelling under Wisconsin law merited the 16-level enhancement in § 2L1.2). It is irrelevant whether the facts of Mr. Cruz-Bedolla's conviction actually involved violence against another person. *See United States v. Granados-Marin*, 83 F. App'x 834, 836 (7th Cir. 2003) ("If an offense is specifically listed in the definition of a crime of violence under § 2L1.2, then it warrants a 16-level increase regardless whether the defendant's prior crime actually involved force.") (citing *United*

*States v. Vargas-Garnica*, 332 F.3d 471, 474 (7th Cir. 2003)). Thus we agree with counsel that it would be frivolous to challenge the district court's addition of 16 levels to Mr. Cruz-Bedolla's base offense level based on the court's conclusion that his conviction for attempted burglary qualifies as a crime of violence.

Counsel next discusses, and rejects as frivolous, a potential argument that the district court improperly added 2 points to Mr. Cruz-Bedolla's criminal-history score for a 2002 conviction for possession of a controlled substance. Mr. Cruz-Bedolla wants to challenge this calculation, as well. He was 17 years old when he committed that crime, to which he pleaded guilty and received 24 months' probation. But he violated that probation in 2003, 2004, and 2006. The last of these violations resulted in the revocation of his probation in September 2006 and earned him 160 days in jail. As noted above, Mr. Cruz-Bedolla unlawfully reentered the country in June 2011, less than 5 years after he was released from this jail term. The district court concluded, over the objection of defense counsel, that because Mr. Cruz-Bedolla had committed his federal crime within 5 years of his release from state custody, 2 points should be added to his criminal-history score. *See* U.S.S.G. § 4A1.2(d)(2)(A), (k)(2)(B); *United States v. Eubanks*, 593 F.3d 645, 654 (7th Cir. 2010).

We agree with counsel that a challenge to the district court's conclusion would be without merit. When asked in February 2012 by federal authorities where, when, and how he reentered the United States, Mr. Cruz-Bedolla responded, "Phoenix, 8 months, through the mountains." (R. at 50.) A federal agent interpreted that statement to mean Mr. Cruz-Bedolla had reentered near Phoenix, Arizona, through the mountains, 8 months earlier. The district court credited that interpretation, and Mr. Cruz-Bedolla has not disputed it. (Phoenix is approximately 150 miles from the Mexican border, however, so Mr. Cruz-Bedolla must have meant that this was the first major city he encountered.) The court thus concluded that Mr. Cruz-Bedolla reentered in June 2011, less than 5 years after the revocation of his probation in September 2006. *See United States v. Are*, 498 F.3d 460, 466–67 (7th Cir. 2007) (explaining that violation of 8 U.S.C. § 1326(a) commences at time of reentry and continues until arrest); *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001) (same). The district court added 2 points to Mr. Cruz-Bedolla's criminal-history score based on that timeline, and nothing in the record suggests that finding was clear error.

An argument that the district court imposed an unreasonable sentence, counsel also advises, would be frivolous. We agree. We presume below-guidelines sentences, like Mr. Cruz-Bedolla's, to be reasonable. *Gall v. United States*, 552 U.S. 38, 41 (2007);

*United States v. Howard*, 729 F.3d 655, 664 (7th Cir. 2013). The district judge imposed a sentence based on her conclusions that Mr. Cruz-Bedolla's criminal-history category overstated the seriousness of his criminal conduct, yet he still needed to be deterred from future misconduct and punished for his actions. Nothing presented by that reasoning, which substantially follows the factors listed in 18 U.S.C. § 3553(a), would give us cause to disturb the presumed reasonableness of the sentence.

Last, counsel in passing tells us that Mr. Cruz-Bedolla is unhappy with the performance of his first attorney. But any basis for that argument, counsel correctly notes, is beyond the record and thus belongs in a collateral attack. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.